UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN A. WILSON,

    Plaintiff,                               Case No. 11-12261

v.                                           District Judge Mark A. Goldsmith
                                                Magistrate Judge R. Steven Whalen

RUTH C. ROULEAU, ET AL.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss for failure to prosecute, filed by Defendants Prison Health Services, Inc. ("PHS")[1] and Dr. Lisa Reeves [Doc. #31], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

### I. BACKGROUND

On May 24, 2011, Plaintiff Ryan A. Wilson, formerly a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, naming a number of individual Defendants, including Dr. Reeves, as well as PHS. Mr. Wilson alleges that while he was incarcerated, Defendants violated his Eighth and Fourteenth Amendment rights by their deliberate indifference to his serious medical conditions.

On October 11, 2011, Defendants PHS and Dr. Reeves served Plaintiff with a request to produce documents, specifically asking him to sign a HIPAA medical authorization for

---

[1] Prison Health Services has been renamed "Corizon Health, Inc."

his MDOC medical records. When the authorization was not produced, Defendants filed a motion to compel [Doc. #18], which was granted on September 6, 2012. In my order, I stated, "Plaintiff's failure to timely comply with this Order will result in sanctions under Fed.R.Civ.P. 37, including a recommendation that his complaint be dismissed" [Doc. #36]. Plaintiff never responded to the motion to compel.

Defendants filed the present motion to dismiss on May 10, 2012. On May 31, 2012, I ordered Plaintiff to file a response on or before August 1, 2012 [Doc. #33]. On August 1, 2012, Plaintiff requested an extension of time to file his response [Doc. #34]. On September 6, 2012, I granted Plaintiff's motion in part, giving him 30 days from the date of my order to file his response to the PHS/Reeves Motion to Dismiss. This brought the due date to October 8, 2012. I stated, in upper-case letters, "NO FURTHER EXTENSIONS WILL BE GRANTED" [Doc. #37].

On October 9, 2012, Plaintiff filed a response to Defendant Rouleau's motion for summary judgment, *see* Doc. #39, but did not respond to PHS's and Dr. Reeve's Motion to Dismiss.[2]

## II.   STANDARD OF REVIEW

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v. Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir.2001).

Fed.R.Civ.P. 41(b) provides:

> **"(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may

---

[2] Interestingly, Plaintiff argues that Nurse Rouleau was deliberately indifferent in part because she ignored Dr. Reeves' medical order requiring a liquid diet. *See* Doc. #39, p. 7.

-2-

move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation ... *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.; Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id.*

### III.   DISCUSSION

As to the first *Knoll* factor, Plaintiff is clearly at fault for not complying with the order to respond to Defendants' motion to dismiss, and for not producing the requested HIPAA authorizations. He was aware of the filing deadlines, since on the last day his response to this motion was due, he filed a motion to extend time. I granted that request, giving him 30 days from the date of my order, and cautioned him that no further extension would be granted. On October 9, 2012, the day after his response was due, he filed a brief in opposition to a

different motion for summary judgment, but did not address PHS's and Dr. Reeves' motion. In effect, this motion to dismiss is unopposed.

The Plaintiff has a history of not complying with this Court's orders and not acting to move his case forward. On August 29, 2011, Defendant MDOC filed a motion to dismiss [Doc. #14]. I gave Plaintiff a generous amount of time to respond to the motion, ordering that he file a response by January 13, 2012 [Doc. #19]. In my Report and Recommendation to dismiss the MDOC, I remarked as follows:

> "Defendant MDOC filed the present motion to dismiss on August 29, 2011. Mr. Wilson did not file a timely response, In deference to his *pro se* status, I entered an order on December 13, 2011, requiring him to file a responsive pleading on or before January 13, 2012. To date, Mr. Wilson has not filed a response." Doc. #24, p. 2.

As to the second factor, the Defendants are prejudiced not only by the lengthy passage of time, but by their inability to obtain Plaintiff's medical records, which are central to the issues in this case.

Looking at the third factor, it is true that I did not warn the Plaintiff that he would face sanctions if he failed to respond to this specific motion to dismiss. However, in my order granting the Defendants' motion to compel [Doc. #36], I cautioned Plaintiff that his failure to comply with that order would "result in sanctions under Fed.R.Civ.P. 37, including a recommendation that his complaint be dismissed." Thus, he had fair warning that non-compliance with orders of this Court could subject him to sanctions.

Finally, as to the fourth factor, this is not a case where, for example, an attorney's deficient performance can be sanctioned short of dismissing his or her client's case. *See Mulbah v. Detroit Board of Education, supra*. Given the accommodations that have been made for this Plaintiff, and the warning given to him in my order directing him to comply with the Defendants' discovery request, the only appropriate sanction is dismissal.

## IV.    CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Doc. #31] be GRANTED, and that the complaint be dismissed as to Defendants PHS and Dr. Lisa Reeves pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/ R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Date:  January 17, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 17, 2013.

Ryan A Wilson
23456 Vance Avenue
Hazel Park, MI 48030-2813

Johnetta M. Curry-Williams
Case Manager